IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHARON KAY MOYE                                              PLAINTIFF

            v.                    Civil No. 2:14-CV-2158-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                               DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Sharon Moye, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying her

claim for supplemental security income ("SSI") under Title XVI of the Social Security Act

(hereinafter "the Act"), 42 U.S.C. § 1382c(a)(3)(A).  In this judicial review, the court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed her application for SSI on June 16, 2011, alleging an onset date of July 1,

2008, due to depression; anxiety; and pain and numbness down her entire left side.  Tr. 66-67, 80,

95-96.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr. 36-

41. An Administrative Law Judge ("ALJ") held an administrative hearing on November 1, 2012.

Tr. 309-334.

At the time of the hearing, the Plaintiff was 48 years old and possessed an eleventh grade

education.  Tr. 67, 109, 311.  Plaintiff had no past relevant work ("PRW") experience.  Tr. 20.

On March 15, 2013, the ALJ found Plaintiff's sacroiliitis with left arm pain and weakness

to be severe, but did not meet or medically equal one of the listed impairments in Appendix 1,

Subpart P, Regulation No. 4.  Tr. 15-16.  After partially discrediting Plaintiff's subjective

complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work involving no overhead work with her left upper extremity.  Tr. 16-20.  With the assistance of a vocational expert, The ALJ then found Plaintiff could perform work as a fishing float assembler, warehouse checker, and fast food worker.  Tr. 21.

The Appeals Council denied review on May 23, 2014.  Tr. 3-7.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  ECF No. 7.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 9, 10.

## II.    Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents

him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. 20 C .F.R. § 416.920(a)(4)(v).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's step two determination. While "[s]everity is not an onerous requirement for the claimant to meet . . . it is also not a toothless standard." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007) (citation omitted). A "severe impairment is defined as one which 'significantly limits [the Claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In the present case, the Plaintiff alleged disability due to both depression and anxiety. On September 23, 2011, Plaintiff underwent a mental diagnostic evaluation with Dr. Robert Spray.

Tr. 173-178.  She reported a history of chronic pain, depression, and anxiety.  Her symptoms were of such severity that she rarely left her home, and often did not even open the blinds.  Although she claimed to have experienced some symptoms most of her life, surviving a tornado in May 2011 appears to have exacerbated them.  Plaintiff indicated that she was prescribed Clozapine, but was no longer able to follow-up with her doctor and obtain medication refills due to a lapse in her Medicaid benefits.  Without medication, she claimed to experience two panic attacks per week.  Dr. Spray diagnosed her with generalized anxiety disorder with obsessive compulsive and post-traumatic stress features[1] and adjustment disorder with a depressed and anxious mood.  He also assessed her with a global assessment of functioning score of 45-55, which is indicative of moderate symptomology.  *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 32 (4th ed. 2000).

The ALJ did not ask Dr. Spray to complete a mental RFC, so he did not opine as to her functional limitations.  However, Dr. Spray did note that the Plaintiff was hypervigilant and anxious and tended to be socially avoidant.  Further, although she reported no difficulty getting along with others, she did endorse difficulty with supervision.

On October 14, 2011, Dr. Jay Rankin, a non-examining psychologist, completed a mental RFC assessment.  Tr. 179-196.  Reviewing only her medical records, Dr. Rankin concluded Plaintiff would have moderate limitations in the following areas:  carrying out detailed instructions, maintaining attention and concentration for extended periods of time, sustaining an ordinary routine without special supervision, completing a normal workday and workweek without interruptions for psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding

---

[1] This appears to have been related to her second husband's sexual molestation of her eldest daughter and the 2011 tornado.

appropriately to criticism from supervisors, responding appropriately to changes in work setting, setting realistic goals, and making plans independently of others.

The ALJ relied on Dr. Spray's notation that the Plaintiff had no deficits in cognitive functioning, difficulty communicating, or problems with concentration, persistence or pace to conclude that her mental impairments were not severe.  However, relying on this same information, Dr. Rankin diagnosed moderate limitations in the areas outlined above.  Unfortunately, given the GAF score assigned, it is not clear to the undersigned that Dr. Spray's evaluation provides substantial evidence to support the ALJ's step two determination.

Accordingly, remand is necessary to allow the ALJ to either obtain an RFC assessment from Dr. Spray or order another consultative mental evaluation to include a full mental RFC.  On remand, the ALJ is reminded that his RFC determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  Further, he must not substitute his opinions for those of a physician. *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990).

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of July, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE